IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENFIELD ELECTRIC CO., INC.,** : | **CIVIL ACTION NO. 1:15-CV-396** |
| **Plaintiff** : | **(Chief Judge Conner)** |
| v. : | |
| **CLASSIC COMMUNITIES CORPORATION D/B/A CLASSIC AT ADMIRALTY'S QUAY, LP, CLASSIC AT COPPER RIDGE, LP, CLASSIC AT SUMMERFIELD, LP, DJH ASSOCIATES, LLC, DJH PENN VALLEY ASSOCIATES, LP, DJH VICTORIA ABBEY ASSOCIATES, DVH ASSOCIATES LP, HERSHEY ROAD ASSOCIATES LP, LINGLESTOWN ASSOCIATES LP, OLD FORGE STATION LLC, SILVER CREEK DEVELOPMENT CO., SUSQUEHANNA SUMMIT LP, UPPER ALLEN INVESTMENTS, LLC, WEATHERSTONE ASSOCIATES, LP, and WEST HAMPDEN LP,** : | |
| **Defendant** : | |

# ORDER

AND NOW, this 7th day of July, 2015, upon consideration of the motion (Doc. 5) to dismiss the complaint (Doc. 1) in the above-captioned litigation filed by defendant Classic Communities Corporation ("Classic"), wherein Classic asks the court to dismiss the alternatively designated doing-business-as corporate identities from the complaint, to include Classic at Admiralty's Quay, LP, Classic at Copper Ridge, LP, Classic at Summerfield, LP, DJH Associates, LLC, DJH Penn Valley Associates, LP, DJH Victoria Abbey Associates, DVH Associates LP, Hershey Road Associates LP, Linglestown Associates, LP, Old Forget Station LLC, Silver Creek

Development Co., Susquehanna Summit LP, Upper Allen Investments, LLC, Weatherstone Associates, LP, and West Hampden LP, pursuant to Federal Rule of Civil Procedure 12(b)(6), see FED. R. CIV. P. 12(b)(6), and it appearing that the sole basis for Classic's motion and requested relief is Classic's bare assertion that the doing-business-as entities "are separate legal entities" and are not in fact "names under which [Classic] conducts business," (Doc. 7 at 2), but the court being mindful of its Rule 12(b)(6) obligation to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief," Gelman v. State Farm Mutual Auto. Ins. Co., 583 F.3d 187m 189 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F. 3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)), and observing that plaintiff's complaint plainly avers that Classic does business under each of the names identified therein, (see Doc. 1 ¶ 4; see also Doc. 1 Ex. A at 1 (contract between plaintiff and Classic appended to the complaint stating that references to "Owner" shall mean Classic and shall also mean any of the entities separately identified by plaintiff in the complaint)), and the court thus concluding that plaintiff sufficiently alleges the existence of a doing-business-as relationship for purposes of Rule 12(b)(6), and that Classic's argument turns on a factual dispute not properly raised at this juncture, it is hereby ORDERED that Classic's motion (Doc. 5) to dismiss is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania